IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WALTER B., and AMY B., individually and as guardians and next friend of MEGHAN G., a minor, and ISLAND VIEW RESIDENTIAL TREATMENT CENTER, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., dba KAISER PERMANENTE.<br><br>Defendant. | Case No. 08 5497 PJH<br><br>[ ~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

WHEREAS, discovery in the above-entitled matter may involve the production of documents containing trade secrets, confidential commercial, personal, financial information, or protected health information and may otherwise require disclosure of such information;

WHEREAS, the parties Plaintiffs Walter B. and Amy B. ("Plaintiffs") and Defendant Kaiser Foundation Health Plan, Inc. ("Health Plan") (a "Party" or collectively the "Parties") acknowledge and agree that it is appropriate for the Court to provide safeguards to prevent the public dissemination of such confidential information, to establish procedures to limit the necessity for objections or subsequent motions regarding discovery, and to facilitate the Court's disposition of any discovery disputes that may arise; and

WHEREAS, the Parties have agreed, pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, to the entry of this Stipulated Protective Order, as evidenced by the signatures of their respective counsel;

IT HEREBY IS STIPULATED and agreed, as follows:

1. As used herein, "Confidential Information" shall mean any document or information in any form, or any portion thereof, designated and supplied by one Party or a third party ("Designating Party") to another Party or third party ("Receiving Party") in this action,

which contains confidential business, financial, personal, health, proprietary, trade secret or commercial data of a sensitive nature and which is designated as Confidential Information for purposes of this litigation by the Party or third party producing it.  A designation by a Party or third party of Confidential Information shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Confidential Information.  The Parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible but still preserve confidentiality as appropriate.

2. All documents, information or materials designated as Confidential Information shall be treated as such for purposes of this Stipulated Protective Order, provided, however, that by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any document or other material as Confidential Information.  The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in this action may contain information that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); California Code of Civil Procedure §§ 56 et seq; or other similar statutory or regulatory privacy protections..  The Parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 CFR 164.512(e).

3. Any Confidential Information supplied in written or documentary form shall be labeled by the Designating Party as "Confidential.  With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to Confidential Information, the reporter will be informed of this Stipulated Protective Order by the Party seeking confidentiality and will be required to operate in a manner consistent therewith.  The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information."  Counsel for the respective Parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" from being disclosed to any person except as provided in this Stipulated Protective Order.  Each Designating Party shall provide the other Party with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the Party has designated as "Confidential."  Unless the Parties otherwise agree, such list shall be provided to the other Party within 30 days after receipt by counsel for the respective Parties of a copy of any deposition transcript.

4. All Confidential Information shall be maintained in confidence, and not disclosed, directly or indirectly, including the very fact of production of Confidential Information, to any person except as provided in this Paragraph:

    (a) the Party receiving the information;

    (b) counsel for the Party, whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm), and in-house counsel for the Party;

    (c) persons employed by the Party's attorney to furnish expert and litigation support services;

    (d) directors, officers and employees of the Party to whom it is necessary that the materials be shown for purposes of this legal action;

    (e) pursuant to the restrictions set forth in Paragraph 5 of this Stipulated Protective Order, deponents incident to their depositions;

    (f) pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, and any Order and/or direction of the Court, officers of the Court, witnesses in any legal proceeding in this action for which it is relevant, and members of the jury; and

    (g) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

Said access shall be for the sole limited purposes of settlement negotiations, trial or preparation for trial of this action.

5. Confidential Information held by a Party may be disclosed to persons as provided it Paragraph 4 and to persons who are employed or otherwise bound by counsel to furnish expert services, to give expert testimony, or otherwise to aid in the preparation for trial of this action, provided that prior to such disclosure such person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in the form of a Declaration, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms.  Confidential Information designated by a Party as "Confidential" may be disclosed by any other Party to a deponent during the deponent's deposition provided that the deponent has been informed of this Stipulated Protective Order and executes a Declaration, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms.  The attorneys for the respective

Parties shall maintain a file of such Declarations. The file containing these Declarations shall not be available for review absent an agreement by the Parties or an order of the Court determining that there is good cause for the Declarations to be reviewed.

6. In the event a Party inadvertently fails to designate information or documents as Confidential Information when copies are produced to another Party, the Designating Party shall diligently notify in writing all recipients of the information or document of the material's designation as Confidential Information. The Designating Party shall specifically identify, by reference to document title, page number and/or any alpha or numeric production designation, the material being designated as Confidential Information. The Designating Party shall have the right to recover all copies of the Confidential Information and apply the Confidential designation and the Receiving Party shall return to the Designating Party all copies of the unlabeled Confidential Information inadvertently or unintentionally disclosed. The inadvertent, unintentional or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

7. If any Party objects to the designation of materials being marked as Confidential Information, the Party shall state the objection by letter to all counsel of record in this case. If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged material does not qualify as Confidential Information under California law. In any such proceeding, the Designating Party shall bear the burden of proof for demonstrating that the material is Confidential under California law. Until the Court rules on the objection, the disputed material shall be treated as Confidential Information. Neither Party shall be obliged to challenge the propriety of a designation of material as Confidential Information, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation, unless prejudice can be shown by the Designating Party to have resulted from the delay in challenging the designation,

8. In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action which contains or discusses Confidential Information shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

9. All documents, including deposition transcripts, containing Confidential Information, which any Party intends to file with the Court, shall be filed or lodged with the Court under seal in compliance with Local Rule 79-5 of the Northern District of California, a copy of

which is attached hereto as Exhibit "B". All such Confidential Information shall be kept by the Clerk under seal and shall be made available only to the Court and its staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information. In the event that the Court determines that the documents in question are not sealable, they may be filed publicly with the Court.

10. In the event that the Receiving Party is served with legal process, other than an order of a court or tribunal, seeking the production of Confidential Information obtained through discovery in this litigation and protected thereunder, the Receiving Party shall promptly notify the Designating Party whose Confidential Information is sought by service of the legal process and afford the Designating Party a reasonable opportunity to object to the production of the Confidential Information. The Receiving Party shall not produce any Confidential Information in response to the legal process, except as ordered by a court or a tribunal, until the Designating Party has had an opportunity to object to such process and either declined to object or has had an objection overruled and appeals therefrom exhausted.

11. By entering into this Stipulated Protective Order, neither Party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

12. The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action.

13. Within ninety (90) days following the termination of this action through settlement or adjudication, including all appeals, upon written request all Confidential Information designated as such by the Designating Party shall be returned to the Designating Party, or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Designating Party, shall be destroyed. Upon written request counsel of record for each Party shall attest to compliance with the terms of this Paragraph in an affidavit or declaration served on each other Party within the 90-day period.

14. Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information, provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure

of any item so designated except pursuant to the foregoing provisions.

15. Nothing in this Stipulated Protective Order shall prevent a Party from independently obtaining publicly available information, including the final version of documents actually filed with any Federal, State, County or local legislature, legislature, regulatory authority, agency or court, nor shall this Stipulated Protective Order constitute a restriction on information independently obtained, even if a copy of a document independently obtained is otherwise provided in the Action and designated as Confidential Information. Use of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

16. If a Party, through inadvertence, produces any document or information that it believes is protected from discovery pursuant to the attorney-client privilege or work product doctrine, such production shall not, under any circumstances, be deemed a waiver of any privilege or protection, and the producing Party may give prompt written notice to the Receiving Party that the document or information produced is deemed privileged or protected and that return of the document or information is requested. Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the producing Party.

17. This Stipulated Protective Order may be modified by further Order of this Court or by agreement of counsel for the Parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the clerk and made a part of the record in this case.

18. The Court shall have jurisdiction over the Parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order.

19. The Stipulated Protective Order may be executed in counterparts, each when take together with the others, shall constitute a whole, as if executed simultaneously on the same document.

20. The Parties shall jointly submit a fully executed Stipulated Protective Order to the Court for its approval and entry as an Order of the Court. In the event that the Court refuses to

///

///

approve the Stipulated Protective Order, the Parties expressly acknowledge their agreement to be bound by the terms of the Stipulated Protective Order under all circumstances.

STIPULATED AND AGREED BY:

Dated: August 28, 2009.

BRIAN S. KING, ATTORNEY AT LAW

_____
Brian S. King (admitted *pro hac vice*)
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: 801-532-1739
Fax: 801-532-1936
Email: brian@briansking.com

CASSIE SPRINGER-SULLIVAN, State Bar No. 221506
MICHELLE L. ROBERTS, State Bar No. 239092
SPRINGER-SULLING & ROBERTS, LLP
410 – 12th Street, Suite 325
Oakland, CA 94607
Telephone: 510-992-6130
Fax: 510-280-7564
Email: css@ssrlawgroup.com
Email: mlr@ssrlawgroup.com

Attorneys for Plaintiffs Walter B. and Amy B.

Dated: _____, 2009.

MARION'S INN

Digitally signed by Thomas M. Freeman
Date: 2009.08.28 15:58:15 -07'00'

Kennedy P. Richardson (State Bar No. 62516)
Thomas M. Freeman (State Bar No. 109309)
1611 Telegraph Avenue, Suite 707
Oakland, CA 94612-2145
Telephone: (510) 451-6770
Fax: (510) 451-1711
Email: kpr@marionsinn.com
Email: tmf@marionsinn.com

Attorneys for Defendant Kaiser Foundation Health Plan, Inc.

## **ORDER**

The Court, having read and considered the Proposed Stipulated Protective Order regarding protection of confidential information, and good cause appearing therefore in that discovery in this action will be facilitated thereby,

IT HEREBY IS ORDERED that the Stipulated Protective Order is entered in this action.

Dated:  9/4/09



IT IS SO ORDERED
Judge Phyllis J. Hamilton

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER B., and AMY B., individually and as guardians and next friend of MEGHAN G., a minor, and ISLAND VIEW RESIDENTIAL TREATMENT CENTER, LLC,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., dba KAISER PERMANENTE.<br><br>　　　　Defendant. | Case No. 08 5497 PJH<br><br>DECLARATION OF _____ CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER |

　　　　I, _____, declare the following:

　　　　1.　　I recognize that during my involvement in this case I may have occasion to read or hear of documents produced in this litigation, or matters which are designated as Confidential Information.  I agree to use any such documents and matters solely in connection with my participation in this case and for no other purpose.

　　　　2.　　I have read and I understand the Stipulated Protective Order entered in <u>WALTER B., and AMY B.,. v. KAISER FOUNDATION HEALTH PLAN, INC.</u>, United States District Court, Northern District of California, Case No. 08 5497 PJH, and I agree to be bound by its terms in every respect.

　　　　3.　　In addition, I consent to the jurisdiction of the United States District Court, Northern District of California, with respect to any actions of any kind whatsoever relative to the enforcement of the Stipulated Protective Order, recognizing that in doing so I subject myself to the

full powers of that Court, including the power of imposing sanctions for contempt.

  4.  My address is: _____

        _____

        _____.

  5.  My telephone number is: _____.

  I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 200__, at _____, State of _____.

                     _____
                        (Signature)

# EXHIBIT B

**79-5. Filing Documents Under Seal.**

(a) Specific Court Order Required. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal. Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

Commentary

As a public forum, the Court has a policy of providing to the public full access to papers filed in the Office of the Clerk. The Court recognizes that, in some cases, the Court must consider confidential information. In other cases, law or regulation requires a document to be filed under seal, e.g., a False Claims Act complaint. This rule governs requests to file under seal documents or things, whether pleadings, memoranda, declarations, documentary evidence or other evidence. Proposed protective orders, in which parties establish a procedure for designating and exchanging confidential information, must incorporate the procedures set forth in this rule if, in the course of proceedings in the case, a party proposes to submit sealable information to the Judge. This rule is designed to ensure that the assigned Judge receives in chambers a confidential copy of the unredacted and complete document, annotated to identify which portions are sealable, that a separate unredacted and sealed copy is maintained for appellate review, and that a public copy is filed and available for public review that has the minimum redactions necessary to protect sealable information.

(b) Request to File Entire Document Under Seal. Counsel seeking to file an entire document under seal must:

(1) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

(2) Lodge with the Clerk and serve a proposed order sealing the document;

(3) Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

(4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

(c) Request to File a Portion of a Document Under Seal. If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

(1) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

(2) Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

(3) Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed

envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

(4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

(5) Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

Commentary

The Clerk shall stamp the sealed envelope or container containing the lodged document, and any redacted version, as received on the date submitted. Upon receipt of an order to file the lodged document under seal, the Clerk shall file-stamp the sealed envelope or container containing the document, the document, and any redacted version of the document as of the date it was originally lodged with the Court, rather than as of the date that the Court approved its filing under seal. Away from public view, the Clerk shall remove the item from the envelope, place a dated file-stamp on the original document, enter it on the docket, and place the document in a sealed folder which shall be maintained in a secure location at the courthouse of the assigned Judge or at the national Archives and Records Administration or other Court-designated depository. The Clerk will file any redacted version of the document in the public record.

(d) Filing a Document Designated Confidential by Another Party. If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

(e) Request Denied. If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within 3 days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this rule.

(f) Effect of Seal. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts. The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.